1
2
3
4              **E-FILED on** 6/7/04
5
6
7
8                    IN THE UNITED STATES DISTRICT COURT
9                   FOR THE NORTHERN DISTRICT OF CALIFORNIA
10                              SAN JOSE DIVISION
11

| | |
|---|---|
| 12  APPLE COMPUTER, INC., | No. C-03-04560 RMW |
| 13        Plaintiff, | ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS, |
| 14     v. | OR, TO STAY ACTION FOR DECLARATORY JUDGMENT |
| 15  APPLE CORPS LIMITED, | |
| 16        Defendant. | **[Re Docket No. 52]** |

17

18     Defendant Apple Corps Limited's motion to dismiss, or, in the alternative to stay this action on the

19 grounds of inappropriate action for declaratory judgment and forum non conveniens was heard on June 4,

20 2004.  For the reasons set forth below, the court denies the motion to dismiss but stays this action pending

21 resolution of the English appeal.

22                              **I. BACKGROUND**

23     In 1991 plaintiff and defendant entered into an agreement settling worldwide trademark

24 infringement litigation.  The resulting agreement ("the Trademark Agreement") contained a provision relating

25 to whether plaintiff could offer music related services.  Subsequently, plaintiff began offering the iTunes

26 online music sales service.  Defendant filed a lawsuit in England against plaintiff for breach of the Trademark

27
28

1  Agreement. Three months after the English action was filed, plaintiff filed this action seeking a declaratory
2  judgment that its conduct did not breach the Trademark Agreement.[1]

3  In an effort to avoid litigating this matter in England, plaintiff filed an application with the English
4  court seeking a declaration that the English court had no jurisdiction, or in the alternative, that England was
5  not the appropriate forum in which to try the suit. After holding three days of hearings, the English court
6  dismissed plaintiff's application and accepted jurisdiction of the dispute. (Chapman Decl. Ex. B.) In doing
7  so, the English court specifically ruled that (1) English law governs the Trademark Agreement; and (2) that
8  England is the appropriate forum to try the action. (Id. at 30, 32.) The English court, however, also
9  certified the decision for immediate appeal. (Riley Decl. Ex. C.) Plaintiff has filed an appeal of the decision
10 with the English court of appeals. (Id. at Ex. D.)

11 Defendant now moves to dismiss or stay this action. Alternatively, defendant moves for dismissal
12 on the basis of forum non conveniens.

## II. ANALYSIS

14 The Supreme Court has explained that "a district court is authorized, in the sound exercise of its
15 discretion, to stay or to dismiss an action seeking a declaratory judgment before trial or after all arguments
16 have drawn to a close." Wilton v. Seven Falls Co., 515 U.S. 277, 288 (1995). In a footnote, the Court
17 further observed: "where the basis for declining to proceed is the pendency of a state proceeding, a stay will
18 often be the preferable course, because it assures that the federal action can proceed without risk of a time
19 bar if the state case, for any reason, fails to resolve the matter." Id. at 288 n2. Similar principles apply to
20 parallel actions pending in foreign courts.

21 Defendant requests the court either decline jurisdiction over this declaratory judgment action, or in
22 the alternative, stay the action pending resolution of the appeal of the English court's decision. The court
23 finds granting a stay to be the soundest course of action after considering principles of comity and judicial
24 administration. See Gov't Employees Ins. Co. v. Dizol, 133 F.3d 1220, 1227 (9th Cir. 1998) ("courts
25 should generally decline to entertain reactive declaratory actions"). The English court has already invested
26 considerable effort in interpreting the voluminous Trademark Agreement and shrewd conduct of the parties.

---

28  [1] The facts underlying this breach of contract dispute are set out in greater detail in the March 15, 2004 Order Denying Motion To Dismiss For Lack of Personal Jurisdiction.

1  The English court's order determining English law governs the agreement and that England is an appropriate
2  forum is a well reasoned analysis.  Furthermore, granting a stay may avoid duplicative litigation.  See
3  <u>Chamberlain v. Allstate Ins. Co.</u>, 931 F.2d 1361, 1367 (9th Cir. 1991) (identifying avoidance of
4  duplicative litigation as a factor weighing in favor of district court's denial of jurisdiction over a declaratory
5  judgment action); <u>Brillhart v. Excess Ins. Co. of America</u>, 316 U.S. 491, 495 (1942).  If the English court's
6  decision is upheld on appeal, yet this court went forward with the declaratory judgment proceedings, the
7  parties and witnesses would have to prepare to conduct a trial on the same issues twice, once in California
8  and once in England.  If, on the other hand, the English court's decision is overturned on appeal, plaintiff's
9  right to pursue a remedy in this court is preserved while suffering only a relatively minor but prudent delay in
10 the prosecution of its case.  Therefore, the court stays this action pending resolution of the appeal of the
11 English court's decision.  Having determined to stay the action, the court does not address the forum non
12 conveniens argument.
13     Counsel represented at the hearing that the parties have a mediation with principals currently
14 scheduled with Justice Panelli.  Defense counsel acknowledged that granting a stay would not preclude that
15 mediation from going forward.  This stay order is conditioned upon defendant participating in mediation
16 with principals.

### III.  ORDER

18     For the foregoing reasons, the court denies the motion to dismiss the declaratory judgment action
19 on the grounds of discretionary denial of jurisdiction, or in the alternative, based on forum non conveniens,
20 but grants a stay pending resolution of the appeal of the English court's decision in the English court of
21 appeals on the condition that defendant participate in mediation with principals.

23 DATED:      6/4/04                            /s/ Ronald M. Whyte
                                                RONALD M. WHYTE
24                                              United States District Judge

**Notice of this document has been electronically sent to:**

**Counsel for Plaintiff(s):**

| | |
|---|---|
| George A. Riley | griley@omm.com |
| David R. Eberhart | deberhart@omm.com |

**Counsel for Defendant(s):**

| | |
|---|---|
| Robert Steven Chapman | rchapman@ggfirm.com |
| Bertram Harris Fields | bfields@ggfirm.com |
| Michael H. Page | mhp@kvn.com |

Counsel are responsible for distributing copies of this document to co-counsel that have not registered for e-filing under the court's CM/ECF program.

**Dated:**      6/7/04                              /s/ BDC
                                         **Chambers of Judge Whyte**